Dan M. McCulley, KS 17890
Britain D. Stites, KS 24661
Konza Law, L.L.C.
725 N. Washington Suite D, PO Box 1446
Junction City, Kansas 66441-1446
Phone - 785-238-1577

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| In Re Terry L. Geer | Case No. 10-42188 |
| SSN - xxx-xx-1626 | Chapter 13 |
| and | |
| Sandra A. Geer | |
| SSN - xxx-xx-6408 | |
| Debtors. | |

## CHAPTER 13 PLAN

| PLAN PAYMENT | | | | |
|---|---|---|---|---|
| **Employer & Address** | **Payment made by:** | **Installments Periodicity** | **Commitment Period** (ACP) Median Income (AMI) | **Payment Amounts** |
| Self pay until wage withholding occurs | Jointly | Monthly | Monthly payment to be $190/month throughout plan | $190.00 |
| Then do wage withholding with TriCounty Telephone PO Box 299 Council Grove, KS 66846 | wage withholding order | Biweekly | 36 mos x NA= NA ACP = 60 months | $43.84 |
| Then do wage withholding with Via Christi HOPE Health Center ATTN: Payroll Dept. 2622 W. Central, Suite 101 Wichita, KS 67203 | wage withholding order | Biweekly | 36 mos x NA= NA ACP = 60 months | $43.84 |

1.      Based on the Applicable Commitment Period (ACP) and Debtor's Official Bankruptcy Form B22C the length of time and amount required to be paid to unsecured creditors is stated above. The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the ACP. In any event, Debtor reserves the right to extend the plan payments up to 60 months. Debtor is not entitled to pay off the case sooner than the ACP, except upon separate motion.

| ADMINISTRATIVE FEES & EXPENSES | | | |
|---|---|---|---|
| **Type Fees & Expenses** | **Amount** | **How Paid** | **Paid via Plan** |
| Bankruptcy Filing Fees | $274.00 | Direct | $0.00 |
| Attorney Fees & Expenses (Includes Financial Management) | $3,375.00 | Partial Payment of $726.00 with balance paid via plan or by tax assignment | $2,649.00 |

| ADMINISTRATIVE FEES & EXPENSES | | | |
|---|---|---|---|
| Post-petition Attorney fees & Expenses Request #1 | Attorney fees $ <br> Filing fee $ <br> Postage $ | Via plan for | NA |

2.       Proposed pre-confirmation attorney fees and expenses are to be paid over the first 24 months of the plan, to the extent possible. If applicable, in the secured creditors section, Debtor has proposed equal monthly installments to be paid to certain creditors. Once the attorney fees and expenses are paid, funds previously designated to pay attorney fees may be reallocated pro rata to secured creditors in addition to the fixed monthly payment. The Chapter 13 Trustee shall be paid up to ten (10%) percent on all funds disbursed by him.

Counsel for Debtor reserves the right to submit additional fee applications either on a time and charges basis or fixed fees for specific tasks. The Debtor consents to such increases in plan payments or length of plan as necessary to pay such additional fees and expenses.

Debtor's assigned their tax refunds to Debtor's Counsel for payment of fees. Debtor will immediately pay over to the Trustee the tax refund, if any. The Trustee will remit any portion of the refund that Debtor is entitled to retain. The Trustee will honor any proper assignment of the tax refund to Debtor's counsel and promptly remit such funds to Debtor's counsel. The Trustee will not retain a trustee's fee on amounts of the refund remitted to Debtor or Debtor's Counsel pursuant to the tax assignment.

3.       PROPERTY TO BE SURRENDERED: Where property is designated for surrender as indicated in any section below, any creditor seeking repossession/foreclosure prior to confirmation of this plan must obtain stay relief by filing a motion and obtaining an order from the Court, unless the automatic stay no longer applies under 11 U.S.C. 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified for surrender and the creditor does not need a motion for repossession, foreclosure, or permission to sell the collateral unless the Debtor files a motion to reinstate the stay. This provision does not abrogate the co-debtor stay, nor alter or amend the Debtor's state law contractual rights in the collateral.

| | SECURED CREDITORS - REAL PROPERTY | | | | |
|---|---|---|---|---|---|
| No | Creditor/Account | Collateral & Treatment of Debt - | Estimated Debt | FMV | Estimated Arrearage via Plan |
| A1 | Central National Bank | Homestead - Current & Pay Direct | $59,900 | $75,000 | none |

4.       REAL ESTATE MORTGAGES - Based on the election stated above (1) if Debtors loan is **current** Debtors will pay all post-petition mortgage payments directly to the mortgage creditor unless otherwise specified, or (2) if Debtors are **in Arrears** the post-petition mortgage payment and arrearage will be paid via the plan. Any arrearage will be paid pro-rata with other creditors over the life of the plan. Debtors authorize the Creditor to communicate with them and the Trustee in all matters concerning their mortgage and to relay any changes in payment amounts due to changes in contract interest rates (for adjustable rate mortgages), and escrow amounts for taxes and insurance as the case may be. Interest on the arrearage (will not be paid.)(will be paid at the rate of ___ ). Absent timely objection, Creditor shall be bound by the foregoing interest rate.

The amount of the arrearage specified in the creditor's proof of claim shall govern unless specifically controverted by specific language of the plan or an objection filed by the Debtor resolved by order of the Court as required by D. Kan. LBR 3015(b).1(d). If the Debtor pays the arrearage amount specified in the creditor's proof of claim or as otherwise determined by the plan or court as contemplated by D. Kan. LBR 3015(b).1(d) while making all contractually required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

| | SECURED CREDITORS - PERSONAL PROPERTY | | | | | |
|---|---|---|---|---|---|---|
| No | Creditor/Account (910 or 1 Year?) | Collateral & Treatment Make, Model, Condition, Mileage Full Coverage Insurance | Estimated Debt | FMV | Paid via Plan | Est. Equal Monthly Payment (see ¶6) |
| D1 | Central National Bank | 2002 Saturn S-Series | $140.00 | $2,045 | Pay Direct | NA |
| D2 | Central National Bank (910 Loan) | 1999 Pontiac Grand Prix Pay in Full | $2,811.00 | $1,245 | Pay Direct | NA |

5. SECURED PERSONAL PROPERTY - All properly secured creditors shall retain their liens pursuant to 11 U.S.C. 1325(a)(5). Secured creditors listed above shall be paid the **value of their collateral or the amount of the claim**, whichever is less, unless otherwise specified, plus the current discount rate. Secured creditors defined in 11 U.S.C. 1325(a)(9) will be paid the **amount designated in their proof of claim** plus the current discount rate. Discount rate is defined as the "Till" rate or the prime rate plus 1.5%. **The plan will determine the value of the collateral unless an objection is filed.** Any proof of claim specifying a different value for the collateral shall be modified to the value stated in the plan unless the proof of claim states a lesser value. Such lesser value is adopted by the plan in that event.

Creditors claiming a purchase money security interest (PMSI) in property acquired for personal use of the Debtor pursuant to 11 U.S.C. 1325(a)(9) known as "910 car loans" or "one year loans" shall be treated according to that section as having an allowed secured claim in the amount of the debt specified in the Creditor's proof of claim unless an objection is filed and such claim may not be crammed down. If the property that qualifies as property subject to 11 U.S.C. 1325(a)(9) is surrendered for any reason during the pendency of the plan it shall be surrendered in full satisfaction of the claim. However, Debtors reserve the right to reach a specific agreement with a 910 or 1 year creditor and the Trustee that would allow bi-furcation of the claim and treatment under 11 U.S.C. 1325(a)(5) as stated above. Such agreement will be a written agreement and/or entered by separate order.

Unless otherwise designated or the property is surrendered in satisfaction of the claim, co-signed debts will be paid in full at the contract rate of interest so as to avoid liability to the co-signer.

All secured creditors shall release their liens on the collateral within 30 days of the date of the discharge order.

Debtors agree to maintain full coverage insurance and provide coverage information as stated above.

6. ADEQUATE PROTECTION: In the event adequate protection payments are not specified, Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make payments under the plan and the Trustee to begin disbursements as soon as practicable. If confirmation is delayed the Debtor will join the Trustee in seeking disbursement as if the plan were confirmed. **A creditor must file a claim to receive adequate protection and/or any payments under the plan.**

In the event separate adequate protection payments (other than the plan payment) are made, any such payments made before confirmation of the plan shall reduce the principal secured portion of the debt owed the creditor. All adequate protection payments shall be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). A separate adequate protection payment is proposed to pay Creditor _____ the monthly amount of $____.00 (none if blank).

Secured creditors will be paid equal monthly payments from the funds available to pay those claims after the deduction of the Trustee fees. Any monthly payment specified in the plan is an estimate and the actual amount may vary, depending upon the allowed claims, Trustee administrative costs, etc. The Trustee may adjust the amounts up or down as is necessary in the Trustee's discretion to make the plan feasible and to pay the secured creditors as required. Debtor

reserves the right to increase the payments to secured creditors beyond the equal monthly payment, as the Debtor may be willing and able to pay.

7. LIEN AVOIDANCES: Debtor will seek lien avoidances as indicated in each section above under 11 U.S.C. 522(f) by filing the appropriate motion or adversary proceeding.

| PRIORITY DEBTS | | |
|---|---|---|
| **Creditor Name** | **Type Debt** | **Paid via Plan** |
| n/a | n/a | NONE |

8. PRIORITY DEBTS - Debtor shall pay all allowed priority debts (including tax claims) under 11 USC 507, without post-petition interest. Debtor has estimated the amounts owed as stated above. Payments through the Trustee of the principal and interest of the tax obligations due as of the date of filing of the bankruptcy petition (as determined by the creditor's first filed proof of claim or by order of the Court) shall result in a full and total discharge of all obligations of the Debtor for the listed priority debts (including tax debts). Certain tax claims may be secured and will be treated accordingly, if they exist.

9. TAX REFUNDS - Federal and State tax refunds for the preceding four years (_X_ have ___ have not) been filed. Debtor has not filed returns for the following tax years _____. Debtor will timely file all tax returns during the pendency of this case. Debtor understands that any tax refund for the year in which the case is filed is a property interest of the bankruptcy estate and must be turned over to the Trustee for proper distribution in accordance with paragraph 2 of this plan.

| DOMESTIC SUPPORT OBLIGATIONS | | | | |
|---|---|---|---|---|
| **Creditor Name & Address** | **Type** | **Current Monthly Payment** | **Arrearage Amount** | **Paid via Plan (or Prior Order)** |
| n/a | n/a | n/a | $___.00 | NONE |

10. DOMESTIC SUPPORT OBLIGATIONS (DSO) - The Debtor shall maintain current payments on all domestic support obligations during the time Debtor is in bankruptcy. Any arrearage that existed as of the date of filing of this case will be paid: (1) via a current wage withholding order already in place if the debtor does not object, or (2) through the plan as set forth above. A summary of all domestic support obligations owed, including child support, maintenance, property settlement and third party debt repayment is set forth above. Debtor has provided the names and addresses of DSO creditors and approximate amount of pre-petition debt.

| SPECIAL CLASS CREDITORS | | | |
|---|---|---|---|
| **Creditor Name & Address** | **Remarks** | **Debt Amount** | **Paid via Plan** |
| n/a | n/a | n/a | NONE |

11. SPECIAL CLASS CREDITORS - Special Class creditors, if any, are to be paid as specified and will be paid pro rata with secured creditors and arrearage on home mortgages, or after other creditors, unless otherwise specified.

| STUDENT LOAN CREDITORS | | | |
|---|---|---|---|
| **Creditor Name/Account** | **Treatment** | **Debt Amount** | **Arrearage Paid via Plan** |
| US Dept. of Education | Pay Direct | $1,000 | NONE |
| US Dept of Education | Pay Direct | $5,210.55 | NONE |

12. STUDENT LOAN OBLIGATIONS - Current student loan payments shall be made directly by the Debtor to

the student loan creditor unless otherwise indicated. If the Trustee pays any student loan creditors (based on arrearage or otherwise) such creditors will be paid pro rata, with other unsecured creditors. Debtor is aware that unless the Debtor files an adversary proceeding to determine dischargeability of student loan debts and prevails, then Debtor remains liable for any amount of the student loan balance remaining after the plan is completed including all interest charges which will continue to accrue post-petition.

| EXECUTORY CONTRACTS & UNEXPIRED LEASES ||| 
|---|---|---|
| **Creditor Name/Account** | **Treatment** | **Paid via Plan** |
| n/a | n/a | NONE |

13. EXECUTORY CONTRACTS & UNEXPIRED LEASES - Unless otherwise specified all payments whether pre-petition payments to cure an arrearage or ongoing post-petition payments on executory contracts and unexpired leases shall be paid directly to the creditor. If stated above Debtor specifically rejects the executory contract or lease of the named creditors and tenders surrender of the collateral.

14. PLAN AMENDMENTS - Debtor reserves the right to modify this plan pursuant to 11 U.S.C. 1329 and to include post-petition debt pursuant to 11 U.S.C. 1322(b)(6).

15. GENERAL UNSECURED CREDITORS - General unsecured claims will be paid after all other unsecured claims, including administrative and priority, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form B22C or through satisfaction of the "best interests of creditors test" pursuant to 11 U.S.C. 1325(a)(4), or both, if applicable.

16. BEST INTERESTS OF CREDITORS TEST - Debtor proposes to pay at least the amount listed below in the Liquidation value to the Estate total to the Trustee in satisfaction of the requirements of 11 U.S.C. 1325(a)(4). The hypothetical Chapter 7 Trustee costs are based on costs of sale at 10% for Realty; 15% for vehicles; 25% for Personalty up to $4,999.00; 10% for values between $5,000-$49,999.00; 5% for values in excess of $50,000.00 The liquidation value of non-exempt property is included in the amount proposed to be paid via the plan and is listed as follows:

| LIQUIDATION ANALYSIS |||||
|---|---|---|---|---|
| **Non-exempt Property** | **FMV** | **Secured Debt** | **Hypothetical Chapter 7 Costs** | **Liquidation Value to Estate** |
| Cash on Person | $50.00 | NA | $12.50 | $37.50 |
| Checking | $150.00 | NA | $37.50 | $112.50 |
| 1999 Pontiac Grand Prix | $1,245.00 | $2,811.00 | n/a | 0.00 |
| 2002 Saturn S-Series | $2,043.00 | $140.00 | $285.45 | $1611.55 |
| 2010 Tax Refund, if any | Unknown* | Yes | NA | Unknown* |
|  |  |  |  |  |
| **TOTALS** |  |  |  | $1761.55 |

17. PROPERTY OF THE ESTATE - In addition to the property specified in 11 U.S.C. 541, property of this bankruptcy estate includes all property acquired after filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

18. MISCELLANEOUS PROVISIONS: The miscellaneous provisions below are incorporated by reference.

19. EFFECT OF CONFIRMATION - ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE

PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION. If a creditor files a secured claim that is not provided for in the plan, the claim will be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties. All property of the estate will revest in the Debtors at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. 1322(b)(9). ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.

Confirmation of the plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all the applicable sections of 11 U.S.C. 1322 and 1325 and that Debtors have fulfilled all of their preconfirmation obligations under 11 U.S.C. 521.

MISCELLANEOUS PROVISIONS:

A. <u>Binding Arbitration.</u> The plan filed by the Debtor herein specifically rejects, avoids, cancels and otherwise releases the Debtor from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor or the Chapter 13 Trustee.

B. <u>Consumer Claims Not Waived</u>. Confirmation of this plan shall constitute a finding that the Debtors do not waive, release, or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Kansas Consumer Protection Act violations, Uniform Consumer Credit Code violations, Uniform Commercial Code violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedures, or by the local rules of this Court.

C. <u>Debtor's Standing</u>. Confirmation of this plan shall vest in the Debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

D. <u>Credit Life Insurance</u>. Except for automobiles retained at full price in accordance with 11 U.S.C. 1325(a)(9), this plan shall constitute a rejection by the Debtor and therefore a termination and a cancellation, effective on the date this case was filed, of any form of Credit Life Insurance, Credit Accident Insurance, Credit Health Insurance, Credit Property Insurance, or any obligation to pay any type of fee, charge, expense, bonus, service charge, or expenses related thereto with any creditor duly listed in Schedules D, E, F, G, and H, or any amendments thereto, filed with this petition. Confirmation of this plan shall also constitute the entry of an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premiums or charges on such insurance to their allowed secured claims, if any, under this plan and to file an amended proof of claim with the trustee and to immediately turnover any excess rebates or refunds to the trustee for distribution under the plan.

E. <u>Extended Service Agreements</u>. This plan shall constitute a rejection by the Debtor and therefore a termination and a cancellation, effective on the date this case was filed, of any and all contracts or obligations of the Debtor for any form of Service Repair Contracts, Extended Warranty Contracts, or any service, warranty or repair contracts of any nature whatsoever with any creditor duly listed in Schedules D, E, F, G, and H, or any amendments thereto, unless specifically assumed by this plan. Confirmation of this plan shall also constitute the entry of an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premiums or charges on such contracts first to their allowed secured claims, if any, under this plan and to file an amended Proof of Claim and to immediately turnover any excess rebates or refunds to the Trustee for distribution under this plan.

F.  <u>Liens Released</u>.  Upon the Satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within 10 days after proper demand and, in any event, within 30 days after discharge, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the division of motor vehicles prescribes, and mail or deliver the certificate and release to the Debtor or the attorney for the Debtor.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision and upon failure to so comply such a party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages.  This provision shall be enforced in a proceeding filed before the bankruptcy court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan.  Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case.  The Debtor specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

G.  <u>Waiver of Jurisdiction</u>.  Confirmation of this plan shall constitute a waiver by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, of the right to have final orders in non-core matters entered only after de novo review in any proceeding so triable in this case or any case, controversy or proceeding related to this case, and of the right to have the Federal District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal.

H.  <u>Consent to Jurisdiction</u>.  Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by Section 157(C)(2) of Title 28 of the United States Code.

I.  <u>Mortgage Payments</u>.  Confirmation of this plan shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real property of this estate to: (a) apply any payments received from the trustee under the plan only to the pre-petition arrears provided for in the confirmed plan; (b) apply any payments received from the trustee under the plan as designated by the trustee, (that is to either pre-petition interest or pre-petition principal as the case may be); (c) apply all post-petition payments received from the Debtor to the post-petition mortgage obligations of the Debtor for the actual months for which such payments are made; (d) refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan; (e) refrain from the imposition of monthly inspection fees or any other type of bankruptcy monitoring fee without  prior approval of the Bankruptcy Court after notice and hearing; (f) refrain from the imposition of any legal or paralegal fees or similar charges incurred post-petition without prior approval of the Bankruptcy Court after notice and hearing; (g) refrain from the use of "suspension accounts" or other similar devices which serve to prevent the immediate application to the account of the Debtor of any mortgage payments of either principal or interest; and (h) refrain from including in any Proof of Claim filed with the trustee any post-petition charges or fees of any nature whatsoever for the review of the plan, schedules or other documents filed by the Debtor, for any review and analysis of the loan documents, for the preparation and filing of the Proof of Claim, and for attending the 341(a) Meeting of Creditors or a continued Meeting of Creditors; provided, that such fees and charges have not been approved by the Bankruptcy Court after proper notice and hearing.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with these provisions and upon failure to so comply such a party will be liable for liquidated and fixed damages of no less than $2,000.00 for each and every breach thereof plus reasonable legal fees and, in appropriate cases, to special damages and punitive damages.  This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such secured creditor consents to such jurisdiction by failure to file any timely objection to this plan.  Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry  of the discharge order and either before or after the closing of this case.  The Debtor specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

J.  <u>Deficiency Claims After Stay Relief</u>.  Any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or other operation of the plan, will receive no further distribution from the trustee, other than funds accruing to such creditor, which are in the possession of the trustee at the time said property is removed from the protection of the automatic stay, unless an itemized proof of claim for any deficiency is filed within a reasonable time after the removal of the property from the protection of the automatic stay. This also applies to creditor who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

Dated: 12/7/2010　　　　　　　　　　　　　　　　Debtor  /s/ Terry L Geer

　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Sandra A Geer

/s/ Britain D. Stites
**DAN M. McCULLEY, KS. 17890**
**BRITAIN D. STITES, KS. 24661**
Attorney for Debtor
AMP Y:\Matters\Geer, Terry & Sandra BK13 10-195\Pleadings\KZ-B13-Plan-Form.frm